258 P.2d 1160

## MOSCOW HOTEL CO., Inc. v. EMPLOY- MENT SECURITY AGENCY.

### No. 7934.

Supreme Court of Idaho.

June 23, 1953.

Robert W. Peterson, Moscow, for appellant.

Robert E. Smylie, Atty. Gen., John W. Gunn, Asst. Atty. Gen., for respondent.

TAYLOR, Justice.

After this cause was set for oral argument to be heard at Lewiston on May 20, 1953, and on the eve of such hearing, on May 19th, counsel for appellant (residing at Moscow) by telephone advised the clerk of this court that he did not desire to present oral argument and would not appear at the appointed hour. Counsel for respondent (residing at Boise) then advised the clerk, also by telephone, that, in view of opposing counsel's action, he would not come from Boise to Lewiston, but would submit the cause without oral argument.

■ Rule 42 provides:

"Causes may be submitted on either or both sides, on briefs, if filed in accordance with Rule 41; but the Court will order an argument, on both sides, of all cases appearing to require it."

Under this rule, when a cause is at issue, and neither counsel has been granted permission to submit it without argument, the setting of the cause for argument, is equivalent to an order for oral argument. Thereafter, if appellant submits the cause without oral argument and without first obtaining leave of the court to do so, his action is tantamount to an abandonment of the appeal, and the appeal is subject to dismissal. Cf. Rule 43.

However, since counsel for respondent did not appear, or request a dismissal, we will consider the merits.

■ On October 1, 1951, the appellant Moscow Hotel Co., Inc., a corporation, organized for that purpose, acquired by purchase the business known as the Moscow Hotel. Prior to that date the business had been owned and operated by one T. M. Wright, who in the operation of the business had acquired a favorable experience rating requiring contributions at the rate of 1.5%. The corporation, as his successor, sought to retain the same rating. Its showing is that no change was made in the operation of the business, Mr. Wright was retained as manager and the other employees, formerly employed by him, were continued in the employment of the corporation. The Employment Security Agency determined that appellant is a new legal entity, not qualified under the law to succeed to the experience rating of its predecessor. This appeal is from an order of the Industrial Accident Board affirming that determination.

The applicable provisions of the statute are as follows:

"(d) For the purposes of this section, two or more employers who are parties to or the subject of a merger, consolidation, or other form of reorganization affecting a change in legal identity or form shall be deemed to be a single employer if—

"(1) Immediately after such change the employing enterprises of the predecessor or predecessors are continued solely through a single employer as successor thereto, and

"(2) at least 50% of the business of the successor is owned by individuals who, immediately preceding such change, owned 50% or more of the business of the predecessor or predecessors, and

"(3) the successor assumes responsibility for all contributions and penalties required from the predecessor or predecessors. Effective as of the date of such change in legal identity or form, the payroll and experience rating records of the predecessor or predecessors, shall for the purposes of rate determination be transferred to the successor. * * *" Chap. 236, 1951 S.L., pp. 487 and 488.

None of the stockholders of the corporation had any interest in the Moscow Hotel prior to October 1, 1951, and Mr. Wright owns none of the stock of the corporation.

It is clear that the appellant does not meet the requirements of the statute and is, therefore, not entitled to have Wright's experience rating transferred to it.

The order appealed from is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.